**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PUBLISHERS PRINTING COMPANY, INC., Respondent.**

No. 80–1312.

United States Court of Appeals, Sixth Circuit.

June 11, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, Jerry Wohlgemuth, National Labor Relations Board, Washington, D. C., Emil C. Farkas, Director, Region 9, N.L.R.B., Cincinnati, Ohio, for petitioner.

John H. Doesburg, Phoenix, Ariz., for respondent.

Before LIVELY, MERRITT and KENNEDY, Circuit Judges.

### ORDER

The National Labor Relations Board seeks enforcement of its order finding Publishers Printing Company, Inc., in violation of § 8(a)(1) and (3) of the Labor Management Relations Act. 246 NLRB No. 36. In affirming the decision of an administrative law judge, the Board found that respondent had coercively interrogated three employees, had threatened one employee that jobs would be lost if the plant were unionized, had threatened another employee with discharge for union activities and had threatened to withhold a wage increase from another employee because of her union support. The Board also found that § 8(a)(3) of the Act was violated by the discharge of Kenneth Johnson for union activities, the reprimand of Steven Gassman for such activities and the denial of a wage increase to Linda McCoy because of her union support. The order requires reinstatement of Kenneth Johnson with back pay, removal of the written notice of reprimand from Gassman's file and payment to Linda McCoy of earnings lost by reason of the denial of a wage increase. The order also directs that notices be posted.

In this court the respondent contends that the credibility findings of the administrative law judge and the Board should be disregarded because the testimony of the employees is "self serving and uncorroborated." This argument overlooks the fact that respondent based its case primarily on the testimony of its president and that such testimony could be considered equally self serving and uncorroborated. The respondent also argues that it was unaware of any union organizational activity during the period of the activities which were found to be unfair labor practices. There is evidence to support the contrary finding of the Board.

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal the court concludes that the decision of the Board is supported by substantial evidence. Questions of credibility, the weight of evidence and the inferences to be drawn from evidence are determinations to be made by the administrative factfinder rather than a reviewing court.

The order of the Board is enforced.